## (May 13, 1963)

■ GEORGE S. BLAIR, Appellant, v. R. C. MOTOR LINES, INC., et al., Respondents.— In a negligence action to recover damages for personal injury, the plaintiff appeals from an order of the Supreme Court, Kings County, dated December 19, 1962, which denied his renewed application for a preference in trial pursuant to article III of the Special Rule of this court regulating the granting of preferences in the Supreme Court, Second Judicial Department. Order reversed, without costs; renewed application for a preference in trial pursuant to article III of said rule granted; and matter remitted to the Special Term for entry of an appropriate order under said article III. In view of the extent of the claimed special damages and of the fact that such claim is uncontroverted, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by the plaintiff in that court; hence, it was an improvident exercise of discretion to deny this article III preference application. Christ, Brennan, Hill and Rabin, JJ., concur; Beldock, P. J., taking no part.

■ ROSE GANGONE et al., Respondents, v. J. J. NEWBERRY CO., INC., Appellant.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, defendant appeals from a judgment of the Supreme Court, Kings County, entered September 12, 1962 after trial, on a jury verdict in favor of the plaintiffs. Judgment reversed on the law and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion it was error of law to refuse to permit the plaintiff to state that a portion of the step crumbled when she stepped on it. It is also our opinion that the charge as a whole was obscure and inadequately stated the issues and the applicable law (cf. *Logan* v. *Jackson*, 1 A D 2d 146). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ BERTHA L. HUNTER, as Administratrix of the Estate of JAMES HUNTER, Deceased, Respondent, v. 1001 TENANTS CORPORATION et al., Appellants, et al., Defendants.— In an action to recover damages for the wrongful death of plaintiff's decedent (her husband), the corporate defendants appeal from an order of the Supreme Court, Kings County, dated November 2, 1962, which denied their motion to examine plaintiff before trial as a witness and for discovery and inspection of the decedent's income tax returns for specified years. Order affirmed, with $10 costs and disbursements (*Baer* v. *Oak Vale Estates*, 17 A D 2d 826; *Romito* v. *Bourjois, Inc.*, 16 A D 2d 982). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of CLIFFORD DUNNING, Appellant, v. CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, brought by petitioner, an employee of the New York City Transit Authority, who had been dismissed by the Authority after a hearing upon charges and whose punishment had been reduced by this court of February 26, 1962 to six months' suspension (*Matter of Dunning* v. *Patterson*, 15 A D 2d 818), to compel the Authority to pay him back salary from January 6, 1960 (the date of his dismissal) until March 22, 1962 (the date of his reinstatement pursuant to our order), less the salary for the six months' suspension ordered by this court, the petitioner appeals from an order of the Supreme Court, Kings County, dated July 20, 1962, which denied his petition. Order affirmed, without costs (*Matter of Mitthauer* v. *Patterson*, 13 A D 2d 696). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.